UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK JAMES CASARES,<br><br>   Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI,<br><br>   Defendant. | Case No. 1:21-cv-1506-HBK<br><br>ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION TO SUBSTITUTE PLAINTIFF AND DISMISSING EXTINGUISHED TITLE XVI DISABILITY CLAIM[1]<br><br>(Doc. Nos. 13, 15) |

Pending before the Court is the Unopposed Motion for Substitution of Plaintiff filed on March 24, 2022. (Doc. No. 13). Attached to the Motion are a declaration from Noah James Casares, son of Plaintiff, and a death certificate of Plaintiff Mark James Casares. (Doc. Nos. 13-1, 13-2). Plaintiff submitted a supplemental brief as directed by the Court confirming Plaintiff's Title XVI claim are distinguished in this case. (Doc. Nos. 14, 15). For the reasons that follow, the Court grants the Motion and dismisses the Title XVI claim.

**I. BACKGROUND**

Plaintiff's son, Noah James Casares, through counsel, moves as the successor in interest to Mark James Casares' Social Security disability claim and seeks substitution as the party plaintiff

---

[1] Both parties have consented to the jurisdiction of a magistrate judge, in accordance with 28 U.S.C. §636(c)(1). (Doc. No. 9).

under Federal Rule of Civil Procedure 25. (Doc. No. 13 at 1-2). Plaintiff confirms Noah James Casares, seeks substitution as party plaintiff with respect to only Plaintiff's Title II disability claim, not the Title XVI claim. (Doc. No. 15 at 1-2).

A review of the Motion, declaration, and death certificate, reveal Plaintiff Mark James Casares ("decedent") passed away on February 12, 2022. (Doc. Nos. 13-1 at 1; 13-2 at 1). Prior to decedent's passing, he resided with his son Noah in the same home. (Doc. Nos. 13-1 at 1). Decedent was unmarried. (Doc. No. 13-2 at 1). As the surviving son, Noah seeks substitution as the party plaintiff. (Doc. No. 13 at 2).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). In evaluating a Rule 25(a)(1) motion, the Court must consider whether: (1) the motion is timely; (2) the claims pled are extinguished; and (3) the person being substituted is the proper party. *Maseda v. Saul*, 2021 WL 2268871, at *1 (E.D. Cal. June 3, 2021). Under 20 C.F.R. § 404.503(b), in the event of a claimant's death, any person who qualifies as a substitute party may pursue the claim. A deceased claimant's child is a successor in interest to benefit payable to the claimant in a Title II claim. *Id.* § 404.503(b)(2). The same is not true for a claim under Title XVI, which provides for only a surviving spouse to serve as a successor in interest. *See* 20 C.F.R. § 416.542(b).

## III. DISCUSSION

The Court addresses each of the elements in turn. First, the Court addresses timeliness. The certificate of death reveals the claimant died on February 12, 2022, and the Motion was filed on March 24, 2022. (*See* Doc. Nos. 13; 13-2). Thus, the Motion filed within 90 days of the claimant's death is timely. *Maseda*, 2021 WL 2268871, at *1.

Turning to the second element, whether any claims are extinguished, the complaint seeks

benefits under both Title II and Title XVI.  (*See* Doc. No. 1).   Plaintiff concedes the Title XVI claim, also referred to as the supplemental security income claim, is extinguished based on the claimant's death as he was unmarried.  (Doc. No. 15 at 2; *see also* 20 C.F.R. § 416.542(b)).  Thus, the Court dismisses the Title XVI claim.

Third, decedent's son is the proper party based on the facts presented.  20 C.F.R. § 416.542(b)(1)-(2) provides for distribution of benefits in an order of priority, first to a surviving spouse first; and, if none, to the then surviving children.  *Supra* the certificate of death confirms the decedent was unmarried. (*See* Doc. No. 13-2 at 1).  Under 20 C.F.R. § 416.542(b)(1)-(2), decedent's son, Noah James Casares, is the proper party for substitution on the Title II disability claim.

Accordingly, it is **ORDERED**:

1. The Motion for Substitution of Plaintiff (Doc. No. 13) is GRANTED and Noah James Casares is substituted as the Plaintiff and may pursue decedent's Title II disability claim.

2. Plaintiff's supplemental brief confirms the Title XVI claim is extinguished (Doc. No. 15) and the Title XVI claim is DISMISSED by operation of law.

3. The Clerk of Court shall correct the docket to reflect Noah James Casares is substituted as Plaintiff.

Dated:   March 25, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

3